IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY REYES CHAVEZ,

      Plaintiff,

v.                                                                                            Civ. No.  08-0696 BB/RHS

WACKENHUT CORRECTIONS CORP., et al.,

      Defendants.

## REPORT AND RECOMMENDATION

      This matter came before the Court for hearing on Plaintiff's Second Motion for Default Judgment Against Defendant  M. Landes **(docket no. 35)**.  The Plaintiff appeared telephonically, pro se, and none of the Defendants nor their respective counsel appeared personally or by telephone.  None of the Defendants or their respective counsel advised the Court that they could not appear because of emergency, illness or otherwise.  The Plaintiff had personally present a witness, Marcus Carter, whose testimony was presented to the Court by proffer.  Mr. Carter would testify that Defendant Landes attempted to intimidate him as to his testimony.

      The Plaintiff is suing Defendant Landes in the above-captioned cause based on her responsibility to investigate inmate reports concerning misconduct.  Plaintiff testifies that Defendant Landes did not interview his witnesses, attempted to intimidate his witnesses and as a result of all of the foregoing, he was required to serve an extra eight months in prison, all in violation of his rights of due process.

      The Court notes that attached to Plaintiff's Complaint as Exhibit A is an order apparently entered by the Honorable Michael E. Vigil in the First Judicial District Court for the State of New Mexico on or about October 5, 2004.  (See Amended Stipulated Order on Writ of Habeas

Corpus, Ex. A, attached to Complaint, attached to Notice of Removal **[Doc. No. 1]**). In that order the parties "stipulate that there was insufficient evidence to support the A/31 charge of complicity and that a due process violation occurred when written documents used by the hearing officer were not provided to the Petitioner in disciplinary log #010440." (Id.). Judge Vigil granted the petition for writ of habeas corpus, ordered that 390 days of good time credits be restored to petitioner and directed that the disciplinary decision in log #010440 be vacated and expunged from petitioner's file. (See id.).

## *Background*

On October 19, 2007, Plaintiff filed his Complaint in the Second Judicial District Court of New Mexico. On July 28, 2008, the case was removed to this Court. (See Notice of Removal **[Doc. No. 1]**). In his Complaint, Plaintiff asserts various federal and state law claims against numerous defendants, based on events involving a misconduct report and disciplinary hearings that took place at the Lea County Correctional Facility ("LCCF") in April and May of 2001, and a hearing before the Institutional Reclassification Committee ("IRC") of the Western New Mexico Correctional Facility ("WNMCF") in June of 2001.

The misconduct report and disciplinary hearings concerned events that allegedly occurred on April 18, 2001 in the Education Resource Center ("ERC") at the LCCF where "Plaintiff and approximately 11 other inmates went . . . to do some research." (Complaint at 5 ¶20). Plaintiff alleges that after he left the ERC, "[librarian] Defendant Breaux falsely accused Plaintiff of, among other things, assaulting her, threatening her and getting his cellmate to participate." (Complaint at 5 ¶20). The misconduct report and disciplinary hearings allegedly resulted in the termination of approximately 360 days of Plaintiff's "good time" credits. As a

result, Plaintiff claims that he "was forced to endure well over six months in prison at the NMCD's supermax facility in Santa Fe, New Mexico . . . ." (Complaint at 1 ¶39).

Plaintiff alleges that Defendant Landes "was the Disciplinary Officer of LCCF and . . . was employed by Wackenhut . . . ." (Complaint at 3 ¶8). Plaintiff claims that on April 25, 2001, Defendant Landes notified Plaintiff of disciplinary charges against him and asked if he wished to have a hearing and call any witnesses on his behalf. (Complaint at 5 ¶21). Plaintiff allegedly told Defendant Landes that he wanted to call "Officer Nunez, his cellmate Marcus Carter, and the 11 other inmates who were in the ERC on the date in question." (Complaint at 5 ¶21). Plaintiff alleges that on April 28, 2001, he received a copy of the misconduct report prepared by Defendant Breaux, a memo by Defendant Dyer and written statements from three inmates (Carter, Luck and Tafoya). Plaintiff claims that Defendant Landes "advised Plaintiff that the remaining witnesses would not be called nor would statements be obtained from them because names were not provided and officer Nunez 'could not be located.'" (Complaint at 5 ¶22).

### *History of default proceedings regarding Defendant Landes*

On January 21, 2009, having considered Plaintiff's first motion for default judgment against Defendant Landes, the Court directed the Clerk to enter the default of Defendant Landes and ordered Defendant Landes to show cause within twenty (20) days of that order why a hearing under Rule 55(b)(2) should not be held and default judgment entered against her. (Order **[Doc. No. 16]**). The Clerk entered default as to Defendant Landes on January 26, 2009. **[Doc. No. 17]**.

On February 10, 2009, JaNelle Haught (Deputy General Counsel, NMCD) entered her appearance on behalf of Defendant Landes, responded to the Court's order to show cause, and requested additional time to file an answer to Plaintiff's complaint. (See **[Doc. Nos. 23, 24]**).

On March 31, 2009, the Court denied Plaintiff's (first) motion for default judgment as to Defendant Landes, set aside the Clerk's entry of default and stated that Defendant Landes "may file her answer within ten (10) days from entry of this Order."  (Order **[Doc. No. 30]**).

On June 25, 2009, finding that Defendant Landes had "neither filed an answer to Plaintiff's complaint nor shown cause for her failure to do so[,]" the Court directed the Clerk to re-enter the default against Defendant Landes and directed Defendant Landes to show cause on or before July 15, 2009 why default judgment should not be entered against her.  (Order to Show Cause **[Doc. No. 32]**).  On June 30, 2009, the Clerk re-entered default against Defendant Landes. **[Doc. No. 33]**.

On July 1, 2009, Plaintiff filed his Second Motion for Default Judgment against Defendant Landes. **[Doc. No. 35]**.  On July 20, 2009, the Court set this matter for a hearing on Plaintiff's motion, noting that Defendant Landes has not filed an answer to Plaintiff's complaint, and "has not responded in any manner whatsoever to either the Court's Order [to Show Cause] or Plaintiff's Second Motion for Default."  (Order Setting Hearing **[Doc. No. 37]**).

### *Findings and Recommendations*

Having considered Plaintiff's Second Motion for Default Judgment Against Defendant M. Landes and the record before it, including the testimony of Plaintiff at the hearing, the Court finds that Defendant Landes has willfully failed to defend against Plaintiff's allegations against her, is in default, and offers no excuse for defaulting.  The Court further finds that the unchallenged facts presented in this case constitute a legitimate basis for the entry of judgment against Defendant Landes.

It is hereby respectfully recommended that Plaintiff's Second Motion for Default Judgment Against Defendant M. Landes, filed July 1, 2009 **[Doc. No. 35]** be granted on the issue

of liability and that the Trial Court set an evidentiary hearing to establish damages.  It is further recommended that Plaintiff be allowed limited discovery for the purpose of establishing his damages at the evidentiary hearing set by the Trial Court.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE