IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY REYES CHAVEZ,

        Plaintiff,

v.                                                                          No. CIV 08-696 BB/RHS

WACKENHUT CORRECTIONS CORPORATION,
a Florida Corporation; JOE R. WILLIAMS, Senior
Warden of LCCF; PATRICK W. SNEDEKER, Security
Warden of LCCF; SANDRA McFADIN, Programs
Warden of LCCF; RODNEY TAYLOR, Disciplinary
Hearing Officer; M. LANDES, Disciplinary Officer;
ERMA LUCERO, Warden of WNMCF; JERRY TAFOYA;
and JOHN SHANKS, Director of Adult Prisons, or his designee,

        Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION**

      THIS MATTER is before the Court on consideration of Defendants' motions to dismiss **[Docs. 83, 88]** on grounds that Plaintiff's Complaint is time-barred under a three-year statute of limitations.[1] Plaintiff Henry Reyes Chavez ("Plaintiff" or "Chavez") filed a response in opposition to Defendants' motions to dismiss, and Defendants filed a reply. At the Court's direction, Defendants supplemented the record with additional material. (See Defendants' Response to Court Order Directing Supplementation of Record ("Supplement"), filed Nov. 30, 2010 **[Doc. 114]**).

---

[1] As previously noted, the Court will apply the three-year statute of limitations in considering Defendants' motions to dismiss. (See Order Directing Supplementation of Record at 1, n.2, filed Oct. 29, 2010 **[Doc. 112]**). A claim under 42 U.S.C. § 1983 arising in New Mexico is subject to a three-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 280 (1985).

Because the Court considered extrinsic materials in issuing these proposed findings and recommendations, Defendants' motions to dismiss are converted to motions for summary judgment.

As a preliminary matter, the Court notes that in filing their Supplement, Defendants failed to comply with the Court's express directions to correct the caption of its pleadings to reflect the current status of the parties to this civil proceeding. Defendants are once again cautioned to comply with the Court's instructions set forth in note 1 of the Order Directing Supplementation of Record. (See **[Doc. 112]** at 1, n.1).

*Summary Judgment Standard*

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Under Rule 56(c), the moving party "*always* bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002) (emphasis in original) (citation omitted). "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." FED. R. CIV. P. 56 (Advisory Committee Notes, 1963 Amendment, Subdivision (e)). In considering a motion for summary judgment, the court reviews the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

*Discussion*

It is undisputed that the first page of Chavez's state court Complaint has a file-stamped date of October 19, 2007, which reads "Filed Second Judicial District" and contains the stamped

signature of "Juanita M. Duran."  (See Complaint **[Doc. 1]**).  It is also undisputed that October 19, 2007 exceeds the three-year limitations period by at least nine to ten days.

Defendants contend that Plaintiff's Complaint is time-barred by the three-year statute of limitations, relying on the file-stamped date of October 19, 2007 as evidence that the Complaint was untimely. (See **[Doc. 83]** at 7).  In his response, Plaintiff submits documentation showing that he placed his Complaint in the inmate mailbox on about October 3, 2007, several days before the deadlines[2] that Defendants calculate as the expiration of the three-year limitations period.  (See **[Doc. 89]** (attachments)).

The critical date in determining whether a pleading is timely filed for purposes of the limitations period is the *receipt* date (*i.e.*, the date the state district court received the pleading). "[A] document is deemed filed when it is *delivered* to the court clerk to be kept on file." Ennis v. Kmart Corp., 131 N.M. 32, 36, 33 P.3d 32, 36 (Ct. App.), cert. denied, 130 N.M. 722 (2001) (emphasis added) (citing Town of Hurley v. N.M. Mun. Boundary Comm'n, 94 N.M. 606, 608, 614 P.2d 18, 20 (1980) (filing a paper "is to place it in the official custody of the clerk") and Gallagher v. Linwood, 30 N.M. 211, 217-18, 231 P. 627, 629 (1924)).  It is not necessary for the clerk to endorse a pleading upon its receipt in order to effect the filing.  See Town of Hurley, 24 N.M. at 608, 614 P.2d at 20 (explaining that a person filing a document "should not be responsible for the failure of a receiving public official to perform his duty" (internal quotation marks and citation omitted)).

---

[2]In their Motion to Dismiss, Defendants state October 8, 2007 was the deadline for timely filing the Complaint. (See **[Doc. 83]** at 7).  In their Reply, they state Plaintiff had to have filed his Complaint no later than October 9, 2007 to be timely. (See **[Doc. 95]** at 3).

Thus, if the state district court received the Complaint after the expiration of the three-year limitations period (*i.e.*, after October 8 or 9, 2007, by Defendants' computation) the Complaint was untimely. If the state district court received the Complaint before the expiration of the limitations period, it was timely, even if the Complaint was not date-stamped until after the limitations expired.

Plaintiff argues that the state district court received his Complaint within the three-year limitations period, but did not process and file-stamp it until October 19, 2007, about 10 to 14 days after actual receipt. (See **[Doc. 89]**). He contends the Complaint should be deemed timely based on a date he surmises the state district court should have received the Complaint since he placed it in the mail[3] in Albuquerque, on about October 3, 2007. In support of his position, Plaintiff points to the Certificate of Service he used upon mailing the Complaint to the Second Judicial District Court. (See Ex. A, attached to **[Doc. 89]**).[4]

While the Court is unable to determine precisely when Plaintiff placed the Complaint in the inmate mailbox,[5] there is evidence that Plaintiff placed it in the mailbox sometime before the limitations period expired. In directing Defendants to supplement the record, the Court noted that it was unclear if the file-stamped date on the Complaint represents the date on which the state court

---

[3]The date a pleading is placed in a mailbox is of no import. See Garcia v. Shanks, 351 F.3d 468, 472 (10th Cir. 2003) (noting New Mexico would side with the states that reject the prison mailbox rule and that New Mexico's procedural rules "require, at the very least, receipt by the clerk before a petition is filed"). *But see* NMRA, Rule 5-802 ("Habeas Corpus") (petition for habeas corpus "deemed to be filed with the clerk of the court on the day the petition is deposited in the institution's internal mail system for forwarding to the court provided that the petitioner states within the petition, under penalty of perjury, the date on which the petition was deposited in the institution's internal mail system.") (2009 Amendments).

[4]The Certificate of Service states that Chavez submitted copies of the Complaint, an application for order of free process, court-annexed arbitration certificate, and summons for each Defendant. These documents "were placed in the inmate mailbox at the Bernalillo County Metropolitan Detention Center on this 3rd day of October, 2007, and this was witnessed by the jail Law Librarian, Kevin Christison." (Id.). The signed Certificate of Service was subscribed and sworn before a Notary Public on October 5, 2007. (See id.).

[5]Chavez's attachments to his response contain several different dates (*e.g.,* October 2, 3, and 5, 2007).

clerk *received* the Complaint, or if there was a delay between the receipt date and the file-stamped date.

In supplementing the record, Defendants state that they "obtained a new and complete copy of the Court file from the Second Judicial District Court of the State of New Mexico where the original Complaint was filed . . . . [and] a separate file containing correspondence between the court and litigants [that] was maintained by the Clerk." (Supplement at 2). However, Defendants acknowledge that neither the supplemental state court file nor the correspondence file "contain any envelopes or date stamps by court personnel to affirmatively indicate on what date . . . [Plaintiff's Complaint] w[as] *received*." (Id. (emphasis added)).

Defense counsel Erika E. Anderson avers that she "was informed by the Second Judicial District Clerk's office that a Complaint will not be filed unless the Order on Application for Free Process has been signed by a Judge." (Affidavit for Erika E. Anderson ("Anderson Aff.") at 3, ¶ 14, attached to Supplement). However, "because the Second Judicial District Clerk's office was not positive when they *received* the Complaint . . . in this particular case, they were not comfortable submitting an affidavit." (Anderson Aff. at 3, ¶ 18 (emphasis added)). Ms. Anderson does not identify the person or persons in the state court clerk's office who provided her with this information.

Ms. Anderson further avers that she spoke with Judge Huling's legal assistant,[6] who informed her "that an Order on Application for Free Process is *usually* signed immediately upon receipt or within twenty-four (24) hours." (Anderson Aff. at 3, ¶ 20 (emphasis added)). Ms. Anderson "was told there are times, however, that a Judge may be in trial and there may be a delay

---

[6] Ms. Anderson states that Judge Huling "signed the Order on Application for Free Process for Mr. Chavez." (Anderson Aff. at 3, ¶ 19).

in signing an Order on Application for Free Process." (Anderson Aff. at 3, ¶ 21). Judge Huling's assistant "attempted to pull up the Judge's schedule for October of 2007" but was unable to do so. (Anderson Aff. at 4, ¶¶ 22, 23).  Finally, Ms. Anderson avers that "Judge Huling was not comfortable signing an affidavit because she also was not certain when the Complaint and Order on Application for Free Process was received for this particular case." (Anderson Aff. at 4, ¶ 24).

"We have previously held that where there are disputed questions of material fact as to whether a plaintiff is barred by the statute of limitations, these questions are to be decided by a jury."  State v. Whittington, 144 N.M. 85, 89, 183 P.3d 970, 974 (N.M.App. 2008) (internal quotation marks and citation omitted).  Moreover, "[d]etermination of the timeliness of a claim as a matter of law is only proper if, under the undisputed facts, *there is no room for a reasonable difference of opinion*."  City of Roswell v. Chavez, 108 N.M. 608, 611, 775 P.2d 1325, 1328 (N.M.App. 1989) (citation omitted) (emphasis added); see, e.g., Williams v. Stewart, 2005-NMCA-061, ¶ 16, 137 N.M. 420, 112 P.3d 281 (noting that the courts of New Mexico "have characterized the application of the discovery rule as a jury question, *particularly when conflicting inferences may be drawn*") (emphasis added).

*Conclusion and Recommendation*

The Court finds that conflicting inferences may be drawn from the undisputed facts and evidence presented in this case, and room exists for reasonable differences of opinion regarding when Plaintiff's Complaint was received by the state district court.  Having reviewed the evidence and the inferences drawn therefrom in the light most favorable to the non-moving party, the Court finds that a genuine issue of material fact exists as to whether Plaintiff's Complaint was timely filed pursuant to a three-year statute of limitations.  Accordingly, the Court recommends that Defendants' motions for summary judgment on this ground be denied.

WHEREFORE,

IT IS RESPECTFULLY RECOMMENDED that Defendants' motions for summary judgment **[Docs. 83, 88]** on the ground that Plaintiff's Complaint is time-barred under a three-year statute of limitations be **denied**.

**NOTE:** Timely objections to these proposed findings and recommendations may be made pursuant to 28 U.S.C. § 636(b)(1). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT H. SCOTT
UNITED STATES MAGISTRATE JUDGE