IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY REYES CHAVEZ,

        Plaintiff,

v.                                                                                                                            No. CIV 08-696 BB/RHS

WACKENHUT CORRECTIONS CORPORATION,
a Florida Corporation; JOE R. WILLIAMS, Senior
Warden of LCCF; PATRICK W. SNEDEKER, Security
Warden of LCCF; SANDRA McFADIN, Programs
Warden of LCCF; RODNEY TAYLOR, Disciplinary
Hearing Officer; M. LANDES, Disciplinary Officer;
ERMA LUCERO, Warden of WNMCF; JERRY TAFOYA;
and JOHN SHANKS, Director of Adult Prisons, or his designee,

        Defendants.

**ORDER ADOPTING PROPOSED FINDINGS, DENYING MOTIONS
FOR SUMMARY JUDGMENT AND LIFTING STAY ON DISCOVERY**

        THIS MATTER is before the Court on consideration of the Magistrate Judge's Proposed Findings and Recommendations ("PFRD"), filed December 8, 2010 **[Docs 116]**. Defendants have filed objections to the PFRD. (See Defendants' Objections to PFRD ("Objections"), filed Dec. 20, 2010 **[Doc. 117]**). Having reviewed the PFRD and the parties' submissions, and having considered *de novo* those portions of the PFRD to which Defendants object, the Court will adopt the proposed findings of the Magistrate Judge, deny Defendants' motions for summary judgment **[Docs. 83, 88]** and lift the stay on discovery in this civil proceeding.

1

*Summary Judgment Standard*

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Under Rule 56(c), the moving party "*always* bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002) (emphasis in original) (citation omitted). "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." FED. R. CIV. P. 56 (Advisory Committee Notes, 1963 Amendment, Subdivision (e)). In considering a motion for summary judgment, the court reviews the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

*Background*

Defendants contend that Plaintiff's Complaint is time-barred by a three-year statute of limitations.[1] The first page of Plaintiff's state court Complaint is file-stamped October 19, 2007, reads "Filed Second Judicial District," and contains the stamped signature of "Juanita M. Duran." (See Complaint **[Doc. 1]**). It is undisputed that October 19, 2007 exceeds the three-year limitations period. Defendants rely on the file-stamped date of October 19, 2007 as evidence that the Complaint was untimely filed. (See **[Doc. 83]** at 7).

---

[1] A claim under 42 U.S.C. § 1983 arising in New Mexico is subject to a three-year statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 280 (1985).

Plaintiff submits documentation showing that he placed his Complaint in the inmate mailbox on about October 3, 2007, several days before the deadlines[2] that Defendants calculate as the expiration of the three-year limitations period. (See **[Doc. 89]** (attachments)). Plaintiff contends that the state district court received his Complaint within the limitations period, but did not file-stamp it until about 10 to 14 days after receipt, on October 19, 2007. (See **[Doc. 89]**). He argues that his Complaint should be deemed timely because, based on the date he placed the Complaint in the mail,[3] the state district court should have received it within the limitations period.

*Discussion*

As noted by the Magistrate Jude, the critical date in determining whether a pleading is timely filed for purposes of the limitations period is the receipt date (*i.e.*, the date the state district court received the pleading).[4] It is not necessary for the clerk to endorse a pleading upon its receipt in order to effect the filing. See Town of Hurley, 24 N.M. at 608, 614 P.2d at 20 (explaining that a person filing a document "should not be responsible for the failure of a receiving public official to perform his duty" (internal quotation marks and citation omitted)). Thus, if the state district court

---

[2] In their Motion to Dismiss, Defendants state October 8, 2007 was the deadline for timely filing the Complaint. (See **[Doc. 83]** at 7). In their Reply, they state Plaintiff had to have filed his Complaint no later than October 9, 2007 to be timely. (See **[Doc. 95]** at 3).

[3] As the Magistrate Judge noted, the "prison mailbox rule" probably does not apply. See Garcia v. Shanks, 351 F.3d 468, 472 (10th Cir. 2003) (noting New Mexico would side with the states that reject the prison mailbox rule and that New Mexico's procedural rules "require, at the very least, receipt by the clerk before a petition is filed"). But see NMRA, Rule 5-802 ("Habeas Corpus") (petition for habeas corpus "deemed to be filed with the clerk of the court on the day the petition is deposited in the institution's internal mail system for forwarding to the court provided that the petitioner states within the petition, under penalty of perjury, the date on which the petition was deposited in the institution's internal mail system") (2009 Amendments).

[4] "[A] document is deemed filed when it is *delivered* to the court clerk to be kept on file." Ennis v. Kmart Corp., 131 N.M. 32, 36, 33 P.3d 32, 36 (Ct. App.), cert. denied, 130 N.M. 722 (2001) (emphasis added) (citing Town of Hurley v. N.M. Mun. Boundary Comm'n, 94 N.M. 606, 608, 614 P.2d 18, 20 (1980) (filing a paper "is to place it in the official custody of the clerk") and Gallagher v. Linwood, 30 N.M. 211, 217-18, 231 P. 627, 629 (1924)).

received the Complaint after the expiration of the three-year limitations period the Complaint is untimely. If the state district court received the Complaint before the expiration of the limitations period, it is timely, even if the Complaint was not date-stamped until after the limitations period expired.

The New Mexico Court of Appeals has "previously held that where there are disputed questions of material fact as to whether a plaintiff is barred by the statute of limitations, these questions are to be decided by a jury." State v. Whittington, 144 N.M. 85, 89, 183 P.3d 970, 974 (N.M.App. 2008) (internal quotation marks and citation omitted). Moreover, "[d]etermination of the timeliness of a claim as a matter of law is only proper if, under the undisputed facts, *there is no room for a reasonable difference of opinion*." City of Roswell v. Chavez, 108 N.M. 608, 611, 775 P.2d 1325, 1328 (N.M.App. 1989) (citation omitted) (emphasis added); see, e.g., Williams v. Stewart, 2005-NMCA-061, ¶ 16, 137 N.M. 420, 112 P.3d 281 (noting that the courts of New Mexico "have characterized the application of the discovery rule as a jury question, *particularly when conflicting inferences may be drawn*") (emphasis added).

Defendants apparently argue that the only evidence before the Court regarding the issue of timeliness "is the date stamp filing the Complaint several days after the statute of limitations had expired." (Objections at 3). However, the evidence shows that complaints received by the state district court are not always file-stamped on the date of receipt, and, as Defendants acknowledge, there is no evidence "to affirmatively indicate on what date . . . [Plaintiff's Complaint] w[as] *received*[,]" and thus, filed.[5] (Defendants' Response to Court Order Directing Supplementation of

---

[5]Indeed, according to Defendants, neither the Second Judicial District Clerk's office nor Judge Huling were certain when Plaintiff's Complaint had been received. (See PFRD at 5-6).

4

Record at 2, filed Nov. 30, 2010 **[Doc. 114]**) (emphasis added).  Moreover, while the Court is unable to determine precisely when the Complaint was placed in the inmate mailbox,[6] there is evidence that Plaintiff placed the Complaint in the mailbox several days before the limitations period expired.

*Conclusion*

The Court concludes, as did the Magistrate Judge, that conflicting inferences may be drawn from these facts and evidence, and room exists for reasonable differences of opinion regarding when Plaintiff's Complaint was received by the state district court.  Further, having considered the evidence and the inferences drawn therefrom in the light most favorable to Plaintiff, the Court finds that a genuine issue of material fact exists as to whether Plaintiff's Complaint was timely filed pursuant to a three-year statute of limitations.[7]  Accordingly, for all the reasons set forth above, the Court concludes that the Magistrate Judge's proposed findings will be adopted, Defendants' motions for summary judgment will be denied, and the stay in this case will be lifted.

WHEREFORE,

IT IS ORDERED that the proposed findings of the Magistrate Judge **[Doc. 116]** are **adopted** by the Court.

IT IS FURTHER ORDERED that Defendants' motions for summary judgment **[Docs. 83, 88]** on the ground that Plaintiff's Complaint is time-barred under a three-year statute of limitations are **denied**.

---

[6] Plaintiff's attachments to his response contain several different dates (*e.g.,* October 2, 3, and 5, 2007).

[7] Defendants also argue that Plaintiff fails to meet his burden of showing that equitable tolling applies. However, the issue here is not whether the limitations period should be equitably tolled for an otherwise untimely filing, but whether Plaintiff's Complaint was timely filed within the limitations period in the first place.

IT IS FURTHER ORDERED that the stay on discovery **[Doc. 109]** in this civil proceeding is **lifted**.

_____
UNITED STATES DISTRICT JUDGE